FILED

AUG 0 2 2012



CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WEBB, | CIV. #12- 4140 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| REMINGTON ARMS COMPANY, L.L.C. , a Delaware Limited Liability Company; CASCADE CARTRIDGE, INC., a/k/a CCI AMMUNITION, an Idaho Corporation; and HORNADY MANUFACTURING COMPANY, a Nebraska Corporation; | |
| Defendants. | |

COMES NOW the Plaintiff, Michael Webb, by and through his counsel of record, and for his causes of action against the Defendants, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a products liability action to recover for damages sustained by Michael Webb when the Remington semi-automatic rifle he was shooting exploded in his hands, causing him to suffer hearing loss and tinnitus. The weapon and ammunition were manufactured and distributed by the Defendants.

## PARTIES

1.    Plaintiff Michael Webb is a citizen of the State of South Dakota.

2.    Defendant Remington Arms Company, L.L.C. ("Remington") is a Delaware limited liability company with its principal place of business in Madison, North Carolina.

3.    Defendant Cascade Cartridge, Inc., a/k/a CCI Ammunition, ("CCI") is an Idaho corporation with its principal place of business in Lewiston, Idaho.

4.    Defendant Hornady Manufacturing Company ("Hornady") is a Nebraska corporation with its principal place of business in Grand Island, Nebraska.

## JURISDICTION AND VENUE

5.    Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties.  The amount in controversy exceeds the sum of $75,000.

6.    A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).  Furthermore, the Defendants have intentionally availed themselves of the laws and markets within this District through the promotion, marketing, distribution and sale of its products in this District, including the products that are the subject of this suit.  The Defendants do substantial business in this District and are subject to personal jurisdiction in this District.

## FACTS

7.    Remington manufactures the Remington Model 597 17 HMR semi-automatic rifle.

8.    Hornady manufactures 17 HMR ammunition.

9.    CCI manufactures, loads, and supplies 17 HMR ammunition to a variety of private label ammunitions, including both Hornady and Remington.

10.    In 2009, Michael inherited a Remington Model 597 17 HMR semi-automatic rifle.

11.    Michael's uncle purchased the gun in Sioux Falls, South Dakota on August 31, 2007.

12.    On or about August 15, 2009, Michael took his rifle out to the shooting range and loaded it with ammunition manufactured and distributed by the Defendants.

2

13.     Michael wore proper ear protection when shooting the rifle.

14.     The rifle exploded upon firing.

15.     As a result of the explosion, Michael has hearing loss in his right ear and tinnitus.

16.     On or about August 17, 2009, Remington recalled the Remington Model 597 17 HMR semi-automatic rifle and the Remington 17 HMR ammunition due to the potential of an explosion when fired.

17.     In its Safety Warning and Recall Notice, Remington stated that "17 HMR ammunition is not for use in semi-automatic firearms … [and] the use of this ammunition in a semi-automatic firearm could result in property damage or serious personal injury."

18.     The recall notice instructed consumers to "immediately discontinue use of the Remington 17 HMR ammunition" and "immediately stop using your Remington Model 597 17 HMR semi-automatic rifle."

19.     In conjunction with the recall, Remington offered (1) a $200 (if synthetic stock) or $250 (if laminate stock) coupon for the purchase of a replacement Remington firearm and (2) a $10.00 coupon for each complete box of 50 rounds of Remington branded 17 HMR ammunition returned to Remington for purchase of any Remington ammunition.

20.     The coupon for purchase of a firearm was well below the purchase price of Remington Model 597 17 HMR semi-automatic rifle.

21.     The coupon for the purchase of ammunition was well below the purchase price of 17 HMR ammunition.

22.     Remington provided a 2 year limited warranty that the Remington Model 597 17 HMR semi-automatic rifle would be free of design and manufacturing defects, and that Remington would repair or replace any rifle as a remedy for a breach of warranty.

## COUNT ONE
### Against Remington
### (Product Liability- Strict Liability for Defective Design)

23.     Plaintiff hereby realleges paragraphs 1-22 and all previous paragraphs and incorporates them as though fully set forth herein.

24.     Remington sold the Remington Model 597 17 HMR semi-automatic rifle in a defective condition, which made it unreasonably dangerous to users and consumers like Plaintiff.

25.     The defect existed at the time the rifle left the control of Remington.

26.     Remington expected the rifle to reach the ultimate user or consumer without any change in the condition in which it was sold, and it did so.

27.     The Plaintiff could not by the exercise of reasonable care have discovered the defect.

28.     The Plaintiff was unaware, before the occurrence, that the rifle was defective and unsafe for its intended use.

29.     The defective condition of the rifle was the proximate cause of serious and substantial injuries to the Plaintiff, including, but not limited to, property loss of the rifle and ammunition, medical expenses, past and future, and conscious pain and suffering, as well as permanent disability, disfigurement and loss of enjoyment of life.

30.     Remington is strictly liable for all resulting damages allowable under the law.

31.     The actions of Remington were intentional, malicious (whether express or implied), and done in willful, wanton and reckless disregard of the rights of the Plaintiff, entitling him to punitive damages under South Dakota law.

4

## COUNT TWO
### Against CCI and Hornady
### (Product Liability- Strict Liability for Defective Design)

32.     Plaintiff hereby realleges paragraphs 1-31 and all previous paragraphs and incorporates them as though fully set forth herein.

33.     CCI and Hornady manufactured and sold 17 HMR ammunition in a defective condition, which made it unreasonably dangerous to users and consumers like Plaintiff.

34.     The defect existed at the time the 17 HMR ammunition left the control of CCI and Hornady.

35.     CCI and Hornady expected the 17 HMR ammunition to reach the ultimate user or consumer without any change in the condition in which it was sold, and it did so.

36.     The Plaintiff could not by the exercise of reasonable care have discovered the defect.

37.     The Plaintiff was unaware, before the occurrence, that the 17 HMR ammunition was defective and unsafe for its intended use.

38.     The defective condition of the 17 HMR ammunition was the proximate cause of serious and substantial injuries to the Plaintiff, including, but not limited to, property loss of the rifle and ammunition, medical expenses, past and future, and conscious pain and suffering, as well as permanent disability, disfigurement and loss of enjoyment of life.

39.     CCI and Hornady are strictly liable for all resulting damages allowable under the law.

40.     The actions of CCI and Hornady were intentional, malicious (whether express or implied), and done in willful, wanton and reckless disregard of the rights of the Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT THREE
### Against All Defendants
### (Negligence)

41.     Plaintiff hereby realleges paragraphs 1-40 and all previous paragraphs and incorporates them as though fully set forth herein.

42.     The Defendants owed a duty to the Plaintiff to ensure that their products were reasonably safe for their intended use.

43.     The Defendants breached that duty when they placed their unreasonably dangerous Remington Model 597 17 HMR semi-automatic rifle and 17 HMR ammunition into the stream of commerce.

44.     The Defendants' breach of their duty was the proximate cause of serious and substantial injuries to the Plaintiff, including, but not limited to, property loss of the rifle and ammunition, medical expenses, past and future, and conscious pain and suffering, as well as permanent disability, disfigurement and loss of enjoyment of life.

45.     The actions of the Defendants were intentional, malicious (whether express or implied), and done in willful, wanton and reckless disregard of the rights of the Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT FOUR
### Against Remington
### (Breach of Magnuson-Moss Warranty Act)

46.     Plaintiff hereby realleges paragraphs 1-45 and all previous paragraphs and incorporates them as though fully set forth herein.

47.     Remington Model 597 17 HMR semi-automatic rifles and 17 HMR ammunition are consumer products as defined by 15 U.S.C. § 2301(1), part of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312.

6

48.     Remington provided a 2 year limited warranty that the Remington Model 597 17 HMR semi-automatic rifle would be free of design and manufacturing defects and that Remington would repair or replace any rifle as a remedy for a breach of warranty.

49.     The Plaintiff's Remington Model 597 17 HMR semi-automatic rifle did not perform as warranted since it has a design and/or manufacturing defect that made it unsafe to use for its intended purpose, as evidenced by the fact Remington had to recall all of its Model 597 17 HMR semi-automatic rifles and has instructed consumers not to use them.

50.     Remington's limited warranty has failed of its essential purpose in that Remington is either unable or unwilling to repair, replace, or refund the actual purchase price.

51.     Because Remington's warranty has failed of its essential purpose, Plaintiff additionally seeks damages for breach of the implied warranties of merchantability and fitness for a particular purpose.

52.     All conditions precedent to Plaintiff bringing this claim have been satisfied.

53.     Plaintiff seeks actual damages consisting of return of the actual purchase price of the Remington Model 597 17 HMR semi-automatic rifle and return of the purchase price of all 17 HMR ammunition purchased for use in the rifle, plus cost, expenses, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1)     For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2)     For Plaintiff's costs and disbursements herein, including attorneys' fees;

(3)     For pre-judgment and post-judgment interest; and

(4)     For such other and further relief as the Court determines to be just and proper.

7

Dated this 2nd day of August, 2012.

JOHNSON, HEIDEPRIEM
& ABDALLAH, L.L.P.

BY _Shawn R. Fal_

Scott A. Abdallah (sabdallah@jhalawfirm.com)
Shannon R. Falon (shannon@jhalwfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_Shannon R. Falon_

Scott A. Abdallah
Shannon R. Falon

8